```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *
THURSTON PAUL BELL
                               *
     Petitioner,
                               *
v.                                   CIVIL NO.: WDQ-06-3406
                               *
UNITED STATES OF AEMRICA,
et al.,                        *

     Respondents.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Thurston Paul Bell, *pro se*, has brought a proceeding under I.R.C. § 7609(b)(2)(a) to quash an administrative summons issued by the Internal Revenue Service (the "IRS") to Provident Bank ("Provident"). Pending are: (1) Bell's petition to quash (Paper No. 2); (2) the Respondents' "Motion for Summary Denial of Petition to Quash and for Summary Enforcement of Summons" (Paper No. 6); (3) Bell's motions to strike (a) all of the Respondents' preceding filings (Paper No. 10) and (b) the Respondents' Reply in support of their motion (Paper No. 14); and (4) Bell's motion to order the Clerk of the Court to issue a summons (Paper No. 8). For the following reasons, Bell's petition to quash will be dismissed, the Respondents' motion will be granted, and Bell's motions to strike and to order issuance of a summons will be

1

denied.

I.  Background

Bell is a resident of Knoxville, Tennessee, who is being investigated by the IRS for federal income tax liabilities for the years 2000 through 2003 and 2005.  Pet. 3; Resp'ts' Resp. to Pet. ¶ 15.

On November 14, 2006, Bell failed to appear for an interview with IRS agent Walter Matyczyk, Jr., to which Bell was requested to bring financial documents for his personal and business accounts for the years in question.  Resp'ts' Resp. to Pet. ¶ 16-17.

On November 29, 2006, Matyczyk served an administrative summons on Provident at 7210 Ambassador Road, Baltimore, Maryland.  Pet. 2, Ex. C.  The summons required Provident to give testimony and to produce "books, records, papers, and other data relating to the tax liability or the collection of tax liability or the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning" Bell for the years in question.  Pet. Ex. C.

On December 19, 2006, Bell filed his "Petition to Quash [the] IRS Summons."  Paper No. 2.

II. Petition to Quash

To determine tax liability, I.R.C. § 7602(a)(2) grants the IRS the authority to issue summonses to:

> any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

I.R.C. § 7602(a)(2). I.R.C. § 7609(b)(2)(A) provides that any person, other than the person summoned, who is identified in a summons issued under § 7602(a)(2), "shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." I.R.C. § 7609(a)(1), (b)(2), (c)(1). I.R.C. § 7609(b)(2)(B) qualifies that right with a requirement that the person seeking to quash the summons "shall mail by registered or certified mail a copy of the petition to the person summoned" within the 20-day period referred to in I.R.C. § 7609(b)(2)(A). I.R.C. § 7609(b)(2)(B).

The Respondents contend that the Court lacks subject matter jurisdiction over the petition because Bell failed to send by registered or certified mail a copy of his Petition to Provident as required by I.R.C. § 7609(b)(2)(B).

3

Because I.R.C § 7609(b)(2) constitutes the United States's consent to a legal challenge of its authority to issue a third-party summons, strict compliance with the terms of the statute is a jurisdictional requirement. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

Bell has provided no evidence, not even an allegation, that he mailed Provident a copy of his Petition in compliance with I.R.C. § 7609(b)(2)(B). As Bell has failed to meet this requirement for a right to proceed under § 7609(b)(2), the Court must dismiss the Petition for want of subject matter jurisdiction. *See, e.g., Dorsey v. United States*, 618 F. Supp. 471, 474 (D. Md. 1985); *Yocum v. United States*, 586 F. Supp. 317, 318-19 (D.C. Ind. 1984); *Fogelson v. United States*, 579 F.

Supp. 573, 574 (D. Kan. 1983).[1]

III.  Motion to Compel Compliance with the Summons

The United States seeks to compel compliance with the summons under I.R.C. § 7609(b)(2)(A).

The Fourth Circuit recently articulated the appropriate standard of review:

> When an interested party challenges enforcement of an IRS summons, under *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the initial burden rests with the government to establish a *prima facie* showing of good faith in issuing the summons, requiring proof that the IRS has satisfied the following four elements: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.

*Connor v. United States*, 434 F.3d 676, 680 (4th Cir. 2006) (*citing United States v. Stuart,* 489 U.S. 353, 359-60 (1989); *Powell,* 379 U.S. at 57-58; *Alphin v. United States,* 809 F.2d 236, 238 (4th Cir. 1987)).  "The burden on the government to produce a *prima facie* showing of good faith in issuing the

---

[1] Although Bell's petition to quash also requests the Court to "permanently enjoin the IRS from enforcing this Summons, or issue any other summons to any party, including Petitioner, regarding the Petitioner," such relief is not authorized in a proceeding under I.R.C. § 7609.  Pet. 2.  Bell may petition to quash additional summonses under § 7609 should such be issued.

summons is 'slight or minimal.'" *Id.* (*quoting Mazurek v. United States,* 271 F.3d 226, 230 (5th Cir. 2001). "The government may establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements."[2] *Alphin,* 809 F.2d at 238.

The proffered testimony of Matyczyk, declared under penalty of perjury, satisfies the four elements for establishing a *prima facie* showing of good faith: (1) the investigation is for a legitimate purpose--to determine Bell's tax liability for the years he failed to file returns (Resp'ts' Mot., Matyczyk Decl. ¶¶ 2-3, 11); (2) the inquiry is relevant to that purpose--the IRS seeks Bell's financial records at Provident for those years (*Id.* ¶ 3-5); (3) the information sought is not already in the IRS's possession[3] (*Id.* ¶ 8); and (4) the administrative steps required by the Internal Revenue Code for issuance of the summons to Provident have been followed (*Id.* ¶ 10).

---

[2] In *Powell*, the Supreme Court also explicitly rejected Bell's argument that the government must demonstrate probable cause. *Powell,* 379 U.S. at 56-57.

[3] Matyczyk attests that he has received a package from Provident in response to the summons, but it has not been opened and is locked in a cabinet to which he lacks access. Resp'ts' Mot., Matyczyk Decl. ¶ 8. The Respondents contend that the materials will not be accessed without an order enforcing the summons, thus they do not constructively possess whatever information Provident may have provided. Resp'ts' Mem. in Supp. of Resp'ts' Mot. 12.

Once the government has established a *prima facie* showing of good faith:

> it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process.  Such an abuse would take place . . . if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.

*Stuart,* 489 U.S. at 360 (citations and internal quotation marks omitted).  "The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose."  *Alphin,* 809 F.2d at 238 (*citing United States v. LaSalle National Bank,* 437 U.S. 298, 316 (1978).  "Mere allegations of bad faith will not suffice"-- the petitioner "must allege specific facts in [his] responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS."  *Id.* (internal quotation marks omitted).

Bell alleges that the Respondents have stipulated to several factual and legal allegations, *inter alia*, that the IRS is not an agency of the government and thus has no authority to apply the Internal Revenue Code.  Bell contends that these allegations are stipulations because they are contained in the "Constructive Notice of Demand for Verification of Authority" (Pet. Ex. A) and "Notice of Default" (Pet. Ex. B) that were sent

to the Secretary of the Treasury, the Commissioner of the IRS, and several other IRS offices, and the Respondents' failed to respond to or refute the allegations.  A stipulation, however, is an express waiver by a party or the party's attorney conceding the truth of some alleged fact for the purposes of trial.  *Vander Linden v. Hodges*, 193 F.3d 268, 279 (4th. Cir. 1999).  Thus, a stipulation may not be implied by a party's failure to respond to refute allegations communicated by another party.[4]

Bell's remaining challenges to the Respondents' showing of good faith dispute the contention that the required administrative steps were followed in issuing the summons.  Bell alleges that the Respondents failed to notify him in advance of their intention to contact third parties, as required under I.R.C. § 7602(c)(1), but he provides no evidence to support this allegation.  Bell also contends that the Respondents violated

---

[4] Bell also contends that the Internal Revenue Code does not apply to him because, as a citizen of Tennessee, he has never been under the "direct and singular legislative authority of the U.S. Congress in Title 26 U.S.C."  Pet'r's Opp'n to Resp'ts' Mot. 3-4.  In a similar vein, he argues that he has been deprived due process because no court has ever determined that he is a taxpayer.
   As these arguments are not relevant to the issue of the Respondents' good faith in issuing the summons, the Court will refrain from addressing them.

the Right to Financial Privacy Act of 1978 (the "RFPA"),[5] by not providing Provident with a certificate of compliance with the RFPA under 12 U.S.C. § 3403(b).  The RFPA expressly provides, though, that "[n]othing in [the RFPA] prohibits the disclosure of financial records in accordance with procedures authorized by Title 26."  12 U.S.C. § 3413(c).

As Bell's response fails to demonstrate that the summons to Provident was issued for an improper purpose, the motion to compel compliance with the summons will be granted.

IV.  Motions to Strike

Bell's first motion to strike asks the Court to strike all the Respondents' filings preceding the March 6, 2007 motion, which would include: (1) the Respondents' response to the petition (Paper No. 4); (2) Respondents' counsel's request for appearance (Paper No. 5); and (3) the Respondents' motion for summary denial and enforcement (Paper No. 6).  He also moves to strike the Respondents' reply memorandum (Paper No. 13).

Federal Rule of Civil Procedure ("Rule") 12(f) provides that "the court may order stricken *from any pleading* any insufficient defense or any redundant, immaterial, impertinent,

---

[5] Pub. L. 95-630, Title XI, Nov. 10, 1978, 92 Stat. 3697, codified, as amended, in 12 U.S.C. §§ 3401-3420, 3422.

or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

Pleadings are defined in Rule 7(a) and include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. Fed. R. Civ. P. 7(a). As none of the filings that Bell seeks to have stricken in their entirely is a pleading under Rule 7(a), his motions to strike are inappropriate and will be denied.

V. Leave to File a Surreply

In his second motion to strike, Bell states that he alternatively seeks leave to file a surreply to the Respondents' motion for denial of the Petition and enforcement of the summons.

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." D. Md. R. 105(2)(a). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004).

Although Bell argues that the Respondents' Reply "argues material issues . . . that were not in their prior filings" (Pet'r's Mot. to Strike Reply 4), the Respondents' Reply raises

no new matters that warrant a surreply.

VI.  Motion to Order Issuance of Summonses

Bell moves for the Court to order the Clerk to issue a summons so that he may perfect service under Rule 4 and so defeat the Respondents' insufficient-service-of-process argument.  As the Court will deny the petition to quash for lack of subject matter jurisdiction, Bell's motion to order issuance of a summons will be denied as moot.

VII. Conclusion

For the reasons stated above, Bell's petition to quash will be dismissed, the Respondents' motion will be granted, Bell's motions to strike will be denied, and Bell's motion to order issuance of a summons will be denied as moot.

| _June 11, 2007_ | _____/s/_____ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |