IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| THURSTON PAUL BELL, | * |
| Petitioner, | * |
| v. | CIVIL NO.: WDQ-06-3406 |
| UNITED STATES OF AMERICA, ET AL. | * |
| Respondents. | * |

\* * * * * * * * * * * * *

MEMORANDUM OPINION

The Internal Revenue Service ("IRS") issued an administrative summons to Provident Bank ordering it to produce information related to Thurston Paul Bell's financial transactions. The Court dismissed Bell's petition to quash and enforced the summons.

Pending are Bell's: (1) motion for void judgment; (2) "Motion to Stay Pending Resolution of Motion for Void Judgment of this Court's Order of June 11, 2007"; and (3) "Motion for Disqualification of United States District Judge William D. Quarles, Jr." For the following reasons, Bell's motions will be denied.

I.   Background

Bell, a resident of Louisville, Tennessee, is being investigated by the IRS for federal income tax liabilities for the years 2000 through 2003, and 2005. On January 29, 2004, the

1

United States District Court for the Middle District of Pennsylvania issued an order (the "Order") permanently enjoining Bell from promoting and marketing abusive tax schemes. The Third Circuit affirmed the order. *See United States v. Bell*, 414 F.3d 474 (3d Cir. 2005).

On November 29, 2006, Walter Matyczyk, Jr., an IRS agent, served an administrative summons on Bell's bank in Baltimore, Maryland after he failed to appear at a scheduled interview to discuss his missing federal income tax returns.[1] Bell filed a petition to quash the IRS summons. Paper No. 2. On June 11, 2007, the Court dismissed Bell's petition and enforced the summons. Paper No. 16.

II. Analysis

    A.   Motion for Void Judgment

The Government argues that Bell may not challenge in this Court an order issued by another district court. Resp't Supp. Mem. Void J. at 1. The Government asserts that Bell must proceed in the Middle District of Pennsylvania where the permanent injunction was imposed. *Id.* However, as the Third Circuit has affirmed the order, the Government argues that Bell has no basis for revisiting the order. *Id.* Rather, he should have sought Supreme Court review of the Third Circuit's decision. *Id.* at 2.

---

[1] The summons directed Provident Bank to produce information related to Bell's financial transactions during the years in question.

Bell counters that this Court should review the Order because it relates to the IRS summons and tax investigation. Pet'r Supp. Mem. Void J. at 2, 5.  Bell complains that the Order "violates multiple instructions of the United States Supreme Court regarding due process of First Amendment issues." *Id.* at 6.  Bell further argues that the Order "is completely without supporting evidence, jurisdiction, and due process of law." *Id.* at 4.  Therefore, Bell asserts that the Order is a void judgment, and subsequently the IRS summons ordered by the District Court of Maryland is unenforceable.  *Id.* at 6.

The Court does not have the power to void the injunction ordered in the District Court for the Middle District of Pennsylvania and affirmed by the Third Circuit.  An issuing court has continuing jurisdiction to modify or revoke its injunction. *Lapin v. Shulton, Inc.*, 333 F.2d 169, 170 (9th Cir. 1964).  If this Court entertained Bell's motion, it would seriously interfere with the inherent power of the issuing court to supervise its order.  *Lapin*, 333 F.2d at 170.  Moreover, "considerations of comity and orderly administration of justice demand that a nonrendering court decline jurisdiction of an action [to void] an injunction" rendered in another federal district court.  *Id.*

When the Third Circuit affirmed the Pennsylvania order, Bell had a right of appeal.  Instead, three years later, after his

3

deadline to appeal has passed, Bell seeks to declare the district court's order void.  However, a Rule 60(b)(4) motion is not a substitute for a timely appeal, *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005), and does not grant this court jurisdiction to review Pennsylvania's Order.  Accordingly, Bell's motion to void judgment will be denied.

     B.    Motion to Stay and Void June 11, 2007 Order

Bell seeks to stay and void the Court's June 11, 2007 order dismissing his petition to quash and enforcing the IRS administrative summons.  Bell argues that the Court's order should be voided under Rule 60(b)(4) for several reasons including: failure of the IRS agent to obtain jurisdiction over him, the Court's failure to comport with the rules of civil procedure, its interference with his due process of law, ignoring evidence, and not properly addressing all the issues.  Pet'r Supp. Mem. Mot. to Stay at 4-5.

An order is void under Rule 60(b)(4) "only if the court rendering the decision lacks personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."  *Wendt*, 431 F3d at 412; *see also Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).  Courts narrowly construe the concept of a "void" order because it threatens the finality of judgments.  *Wendt*, 431 F.3d at 413.  "Only in the rare instance of a clear usurpation of power will a

4

judgment be rendered void." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (*quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 454 F.2d 645, 649 (1st Cir. 1972)).

The Government argues that Bell cannot meet the high standard for voiding a final judgment. Resp't Supp. Mem. Mot. Stay at 1. The Government asserts that Bell has neither identified any jurisdictional defect or deprivation of due process nor provided any grounds for staying the Court's June 11, 2007 order. *Id.* at 2. Moreover, the Government claims that Bell's motion is simply an attempt to delay the IRS's investigation into his tax liability. *Id.*

There is no basis for voiding the Court's June 11 order. The Court has personal and subject matter jurisdiction over Bell because he possessed property, i.e., bank account records in Baltimore, Maryland, which related to the IRS's investigation into his tax liabilities. Bell also received due process because he had an opportunity to petition to quash the summons. Bell's dissatisfaction with the Court's decision does not render the judgment void. Accordingly, Bell's motion to stay and void judgment will be denied.

C.  Disqualification of the Court

Bell contends that the Court is not impartial and a reasonable man could determine there is prejudice. Pet'r Reply Mem. Mot to Disqualify at 6. Bell complains that the Court "has

5

done everything possible to accommodate the D.O.J. [including] violations of precedent, standards of review and ignoring rules of evidence." *Id.* at 6.  Bell also claims that the Court has repeatedly ignored his right to due process of law because it failed to follow the rules of civil procedure, and misapplied the law and the facts to the case. *Id.* at 7.  Thus, Bell asserts that the Court's failure to properly adjudicate his case leaves "a heavy weight of suspicion of partiality." *Id.* at 8.

The Government counters that Bell fails to identify facts that might suggest partiality or that would lead a reasonable observer to conclude the Court is biased.  Resp't Supp. Mem. Mot. Disqualify at 2.  The Government asserts that Bell merely disagrees with the Court's decision which is not a basis for recusal.  *Id.*

Bell filed a motion to disqualify the Court under 28 U.S.C. 455(a) (2006).  Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Courts have adopted an objective standard that asks "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 718 (D. Md. 2002) (*quoting United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). "Judicial rulings alone almost never constitutes a valid basis

6

for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994).

None of the grounds Bell asserts requires disqualification. Bell's allegations are based on his disagreement with rulings made by the Court. There is no evidence that the Court's adjudication of the case was unfair or that Bell was prejudiced. Moreover, many of Bell's allegations directly relate to the administrative proceedings in the case, for which the Court has no responsibility. Since Bell cannot prove partiality or prejudice, his motion to disqualify will be denied.

III. Conclusion

For the stated reasons, Bell's motions will be denied.


October 1, 2007                                    /s/
Date                                    William D. Quarles, Jr.
                                        United States District Judge